UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIC P. STANLEY, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT HOLLAND, et al.,<br><br>    Defendants. | Case No. 24-cv-06493-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. Nos. 15, 21, 22 |

Plaintiff, a former detainee and current prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Defendants filed a motion to dismiss the complaint or in the alternative, to enforce a prior global settlement agreement. Dkt. No. 15. Plaintiff filed an opposition (Dkt. No. 17), defendants filed a reply (Dkt. No. 18), and plaintiff filed a sur-reply (Dkt. No. 19).[1] Defendants' motion is granted.

**BACKGROUND**

On August 15, 2024, plaintiff, represented by counsel in a separate case before the Court, entered into a global settlement of multiple civil rights actions against Contra Costa County and its employees. Request for Judicial Notice ("RJN"), Ex. A.[2] The agreement did not specifically identify this case because the case was filed after the agreement was signed.[3] However, as part of the settlement, plaintiff agreed to release and discharge the county and its employees from any claims, right or cause of action arising out of any incidents at the jails from September 2018 to the date the agreement was fully executed, August 15, 2024. RJN, Ex. A at 2-3. The parties agreed

---

[1] Defendants filed an objection to plaintiff's sur-reply, arguing that it violated local rules. Dkt. No. 20. Considering plaintiff's status as an incarcerated litigant proceeding pro se, the Court will review the sur-reply.

[2] The Court grants defendants' request that the Court take judicial notice of the settlement from *Stanley v. McClay, et al.*, Case No. 21-cv-4496 JD, that was filed in *Stanley v. Maldonado*, Case No. 23-cv-0292 JD, Dkt. No. 29, Ex. A. Court filings and records are appropriate for judicial notice. *See* Fed. R. Ev. 201(b)(2); *Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[3] The agreement specifically referenced four separate cases in this Court against two county jails and its employees. *Id.*

1 that such claims would be released and settled. *Id*. at 3. The settlement agreement was finalized 2 and signed, the settlement money was paid, and the parties filed a stipulation for dismissal of the 3 relevant actions. Dkt. No. 15 at 4.

4 In this complaint, plaintiff alleges that in August 2022, deputies at Contra Costa County 5 Jail violated his rights regarding living conditions and by placing him into solitary confinement 6 without any due process. Dkt. No. 11 at 3. This case was filed on September 5, 2024, 7 approximately three weeks after the signing of the settlement agreement. Dkt. No. 1-1 at 1.

**LEGAL STANDARDS**

**Settlement Agreement**

Settlement agreements are contracts. *See Rouser v. White*, 825 F.3d 1076, 1081 (9th Cir. 2016). The settlement agreement is "treated as any other contract for purposes of interpretation." *United Com. Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). Thus, the interpretation and enforcement of settlement agreements are governed by principles of state law, which apply to contracts generally. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990); *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014) ("[S]tate contract law governs whether [the parties] reached an enforceable agreement settling the federal and state law claims alleged in Plaintiffs' complaint.").

Under California law, contract formation requires (1) parties capable of contracting; (2) the parties' consent; (3) a lawful object; and (4) sufficient cause or consideration. *Lopez v. Charles Schwab & Co.*, 118 Cal. App. 4th 1224, 1230 (Cal. Ct. App. 2004) (citing Cal. Civ. Code § 1550). The clear and explicit meaning of the contract provisions, interpreted in their ordinary and popular sense, controls judicial interpretation. Cal. Civ. Code, §§ 1638, 1644; *U.S. Bank N.A. v. Yashouafar*, 232 Cal. App. 4th 639, 646 (2014).

**Release of Claims**

The "conditions affecting the validity of a release of significant federal rights are eminently a matter of federal law." *Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981). Federal common law, rather than state law, controls the effect and interpretation of a release of a Section 1983 claim. *See Town of Newton v. Rumery*, 480 U.S. 386, 392 (1987).

2

A release of claims for violations of civil and constitutional rights must be voluntary, deliberate, and informed. *Jones*, 648 F.2d at 1203. "There are both subjective and objective aspects to each of these elements." *Id*. Whether a release is voluntary, deliberate, and informed is determined on a case-by-case basis considering the totality of the circumstances surrounding the execution of the release. *See Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 462 (9th Cir. 1989). Further, under federal law, a valid release must be supported by consideration. *Salmeron v. United States*, 724 F.2d 1357, 1362 (9th Cir. 1983).

**DISCUSSION**

The events in the complaint occurred in 2022, at a Contra Costa County Jail. In the settlement agreement, plaintiff agreed to waive and release Contra Costa County and its employees from all claims relating to his detention in the county jails between September 2018 and August 15, 2024. Defendants say that the claims in this complaint were released through the settlement agreement and this case should be dismissed or in the alternative the Court should enforce the settlement to dismiss the case.

The point is well taken. Plaintiff says that this case was not referenced in the settlement agreement, and so is not within the agreement and should continue. Dkt. No. 17 a 1, 3-4.[4] That is not the right inquiry. What matters is that the events in the complaint occurred within the period for which plaintiff released all claims. It bears mention that plaintiff was represented by counsel during the settlement proceedings.

Plaintiff says that he was in solitary confinement in April 2024, had recently been found guilty at his criminal trial, and was suffering psychologically and emotionally as a result. Dkt. No.17 at 2. He states that in June 2024 he was attacked by deputies, which caused him a great deal of pain, suffering, and emotional distress. *Id*. at 3. He also states that he was withdrawing from narcotic pain medication in June 2024, resulting in the filing of one grievance on June 8, 2024. *Id*. As a result of these events, plaintiff says he was irritated, incompetent, and not thinking logically when signing documents in August 2024. *Id*.

---

[4] The complaint in this case was signed by plaintiff on June 29, 2024, prior to the settlement agreement, but not mailed to the Court until approximately two months later. Dkt. No. 1 at 14.

In California, everyone is capable of contracting "except minors, persons of unsound mind, and persons deprived of civil rights." Cal. Civ. Code § 1556. California law provides that "[a] conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before the incapacity of the person has been judicially determined, is subject to rescission. . . ." *Id*. § 39(a). California law also creates a rebuttable presumption that a person's mind is unsound "if the person is substantially unable to manage his or her own financial resources or resist fraud or undue influence. Substantial inability may not be proved solely by isolated incidents of negligence or improvidence." *Id*. § 39(b).

"[A] party is entitled to rescission of a contract if, when he entered into the contract, he was not mentally competent to deal with the subject before him with a full understanding of his rights . . ." *In re Rains*, 428 F.3d 893, 901 (9th Cir. 2005) (*quoting Smalley v. Baker*, 262 Cal.App.2d 824, 832 (1968), *overruled on other grounds by Weiner v. Fleischman*, 54 Cal.3d 476, 286 (1991). The test is whether they understand the nature, purpose, and effect of what they are doing. *Id*.

Other than his conclusory allegations that he was not competent to enter into the agreement, plaintiff offers little evidentiary support. Defendants noted this in their reply and plaintiff submitted an additional filing demonstrating that he was treated for chronic lower back pain in 2020 and 2021. Dkt. No. 19 at 10-11. Plaintiff does not describe how medical care several years earlier is relevant, and even assuming plaintiff was experiencing all the issues he describes, he has not adequately shown that he was incompetent pursuant to the legal standards above. Nor does he address that he was represented by counsel during this time and if he communicated these issues with counsel or the process in which counsel communicated with him regarding the terms of the agreement. Despite two separate filings, plaintiff has failed to present sufficient arguments or evidence. At most he has shown isolated incidents of confusion or improvidence several weeks, months, and years before the agreement was signed. For example, while he was having issues with pain medication on June 8, 2024, he has not described how that affected him when the agreement was signed on August 15, 2024.

4

The Court also notes that between July and September 2024, when plaintiff states that he was not competent, he was able to file the instant complaint and a separate civil rights complaint in *Stanley v. Shiffer*, et al., Case No. 24-cv-4282 JD. The complaints in both actions were thorough and well-reasoned, and in both cases the Court ordered service of the claims without requiring amendment. Plaintiff's general and conclusory allegations that he was incompetent during this time are insufficient. He has failed to show a lack of understanding the nature, purpose, and effect of the agreement.

Defendants have demonstrated that the parties entered into an agreement and that these claims were released. Defendants presented the Court with sufficient evidence showing that the parties entered into a valid contract under California law. Defendants demonstrated that the parties were capable of contracting, there was consent, a settlement agreement is a lawful object, and plaintiff was provided consideration.

The totality of the circumstances surrounding the execution of the release also show that plaintiff agreed to a release of claims from the county jails during the relevant time. As noted above, plaintiff's bare allegations that he was incompetent are not supported, and the totality of the circumstances reflect that the release was voluntary, deliberate, and informed. The agreement and release resolved all claims against the county and its employees during the time at issue. Plaintiff accepted the global settlement amount of thirty thousand dollars.

Plaintiff, while represented by counsel, signed the settlement paperwork and accepted the funds. He contends that he would have negotiated for more money if he knew the claims from the instant complaint were part of the agreement. Dkt. No. 17 at 6. Plaintiff's assertion is contradicted by the clear language of the agreement. He cannot now alter the terms of the agreement to re-negotiate the value of his claims in this case. *See*, *e.g.*, *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002) ("[W]e cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits her."); *Spitzer v. Aljoe*, 734 F. App'x 457, 459 (9th Cir. 2018) (affirming district court's denial of plaintiff's motion to rescind settlement reached between the parties after mediation). Defendants have shown that plaintiff waived and released the County and its employees from the claims in this action based on

the settlement.[5]

**CONCLUSION**

1. Defendants' motion to dismiss (Dkt. No. 15) is granted. Plaintiff's motion for sanctions because he did not receive any Court mail (Dkt. No. 21) is denied. The Court did not send plaintiff any mail, thus there was no interference with his legal mail. Plaintiff's motion for the Court to review the motions to dismiss (Dkt. No. 22) is granted.

2. The Clerk is requested to terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: December 11, 2025

JAMES DONATO
United States District Judge

---

[5] Because the Court has granted the motion to dismiss, the motion to enforce the settlement agreement will not be addressed.

6